Signed: December 19, 2008

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-45293 TG
                                         Chapter 13
OSCAR VEGA, MARIA C.
RAMIREZ-VEGA,

          Debtors.
_____/

**MEMORANDUM RE FIRST AMENDED CHAPTER 13 PLAN**

The Court has reviewed the First Amended Chapter 13 Plan filed by the above-captioned debtors on December 16, 2008 and apparently not yet noticed for hearing. A hearing on the plan has tentatively been scheduled for February 18, 2009. It would be premature to make any ruling with respect to the plan at this time. However, the Court wishes to let the debtors and other interested parties know of its thoughts after reviewing the plan.

With respect to the provisions of 7.1, describing the proposed treatment of Washington Mutual, the Court would require the debtors to file an adversary proceeding to litigate the claims asserted. Moreover, the Court is unlikely to confirm the plan, permitting the debtors to alter the post-petition payment amount and interest rate

and directing the trustee not to pay the pre-petition arrearages, simply because the debtors have filed an adversary proceeding asserting such claims. The Court is likely to require a showing in the adversary proceeding sufficient to sustain a preliminary injunction enjoining foreclosure: i.e., that the debtors are more likely than not to prevail on the claims asserted.

With respect to the provisions of paragraphs 7.2, 7.3, and 7.4 describing the proposed treatment of GMAC Mortgage, Central Mortgage, and Saxon Mortgage, in accordance with <u>Espinosa v. United Student Aid Funds</u>, 2008 WL 5158728 (9th Cir.), the debtors may propose to strip off these deeds of trust on the ground that they are fully unsecured by including this provision in their plan unless the deed of trust holders object to this procedure and request that the relief be sought by adversary proceeding. However, to preserve this option, the plan must be served on the deed of trust holders in the same manner as an adversary proceeding or contested matter: i.e., by directing the mailed document to the attention of an officer, director, or managing agent for the deed of trust holders.

If the deed of trust holders do not file objections, the debtors must file a declaration under penalty of perjury executed by someone competent to testify as to the value of the real property, supporting their contention that the deeds of trust are fully unsecured. If the deed of trust holders file objections and dispute this contention, an evidentiary hearing would probably be required. Until this issue has been resolved, the plan could probably not be confirmed.

2

The Court notes that Saxon Mortgage filed a preliminary objection on December 18, 2008. The preliminary objection assumes that the debtors will file an adversary proceeding to attempt to strip its lien but does not clearly request that they use this procedure as opposed to having the issue litigated in the procedural context of a plan. The Court requests that Saxon Mortgage make its position clearer in any final objection and also state clearly whether it contends that its deed of trust is not fully unsecured.

END OF DOCUMENT

COURT SERVICE LIST

Marc A. Fisher
Law Offices of Marc A. Fisher
1070 Marina Village Pk. #206
Alameda, CA 94501

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004